CAPITOL OPTICAL Co., et al. *v.* STATE BOARD OF OPTOMETRY.

Feb. 8, 1954

No. 38794 52 Adv. S. 4 70 So. 2d 15

*Barnett, Jones & Montgomery,* Jackson, for appellants.

36

*Richard A. Billups, Jr.,* Jackson, for appellee.

HALL, J.

 █ There is no substantial difference between the facts and controlling principles in this case and those in Busch Jewelry Co. et al. v. State Board of Optometry, 216 Miss. 475, 62 So. 2d 770, Certiorari Denied by U. S. Supreme Court, October 12, 1953, 98 L. Ed. Advance Reports No. 1, page 45.

Capitol Optical Company is a partnership firm composed of Tony Sward, R. M. Gardiner, and John Mayfield. These partners are engaged in business in

Chicago, Illinois, as a partnership under the trade name of M. G. S. Optical Service. Under that trade name they employed Dr. J. J. Savell, a licensed physician under the laws of Mississippi, to work for them in prescribing eye glasses in their optical store in Jackson, Mississippi, at a salary of $104.00 per week. That agreement was oral. After our decision in Sears, Roebuck & Co., et al. v. State Board of Optometry, 213 Miss. 710, 57 So. 2d 726, the parties entered into a written contract whereby the partnership rented to Dr. Savell office space in its store measuring approximately 10 feet by 5 feet for the price of $40.00 per month and guaranteed him a minimum income of not less than $114.00 per week. This contract was subject to cancellation by either party on 10 days written notice. Dr. Savell testified that he gives full time to the business of Capitol Optical Co. during office hours, but does some outside medical practice on his own account outside of office hours. He contends that his prescribing of eye glasses is done pursuant to his license as a physician and not as an optometrist, but the lower court adjudicated that he is unlawfully engaged in the practice of optometry as an employee of Capitol Optical Co. and enjoined him and the partners composing Capitol Optical Co. from further unlawfully practicing optometry.

From the final decree of the chancery court an appeal was taken to this Court, and the record was filed here on November 1, 1952. The appellants and appellees entered into a written stipulation duly filed in this Court to the effect that the decision in this cause will be controlled by the decision of the United States Supreme Court in the Busch Jewelry Co. case, supra, and agreeing that this case should be passed on this docket until the Supreme Court of the United States acted on the appeal in the Busch case.

Notwithstanding this stipulation, the appellants have filed a lengthy brief raising substantially the same ques-

tions which were raised and passed upon in the Busch case. These questions were settled in the Busch case. The decree in this case does not deprive Dr. Savell from engaging in the practice of medicine in a lawful manner. It only enjoins him from practicing optometry in an unlawful manner, and it is accordingly affirmed.

Affirmed.

*McGehee, C. J.,* and *Lee, Kyle,* and *Holmes, JJ.,* concur.